## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **JOHNATHAN LAMB, On Behalf of Himself and All Others Similarly Situated,** | ) ) ) | |
| *Plaintiffs*, | ) ) | |
| **v.** | ) ) ) | **CLASS AND COLLECTIVE ACTION** |
| **JEFF RUBY, JEFF RUBY CULINARY ENTERTAINMENT, INC., THE PRECINCT, INC., CARLO & JOHNNY'S, LTD., JEFF RUBY STEAKHOUSE, LLC, JEFF RUBY'S COLUMBUS, LLC, JEFF RUBY'S COLUMBUS HOLDINGS, LLC, JEFF RUBY'S STEAKHOUSE LEXINGTON, LLC, JEFF RUBY'S LOUISVILLE, LLC, and JEFF RUBY'S NASHVILLE, LLC, d/b/a JEFF RUBY CULINARY ENTERTAINMENT,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **CASE NO. 1:24-cv-00097** **JUDGE _____** **JURY DEMAND** |
| *Defendants*. | ) ) | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

## I. INTRODUCTION

1.     Plaintiff Johnathan Lamb ("Plaintiff") brings this action against Defendants Jeff Ruby, Jeff Ruby Culinary Entertainment, Inc., The Precinct, Inc., Carlo & Johnny's, Ltd., Jeff Ruby Steakhouse, LLC, Jeff Ruby's Columbus, LLC, Jeff Ruby's Columbus Holdings, LLC, Jeff Ruby's Steakhouse Lexington, LLC, Jeff Ruby's Louisville, LLC, And Jeff Ruby's Nashville, LLC (collectively, "Defendants"). Defendants are a single enterprise that does business under the name of Jeff Ruby Culinary Entertainment operating seven luxury steakhouses across Ohio, Kentucky, and Tennessee. *See* <u>Exhibit A</u> (Jeff Ruby Website, "Who

We Are").[1]

2.     Plaintiff brings these claims against Defendants, who were his employer, in order to recover unpaid minimum and overtime wages, unlawfully retained tips, liquidated damages, restitution, attorneys' fees, costs, and all other damages available under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Kentucky Wages and Hours Act ("KWHA"), KRS 337.010 *et seq.*; and the Kentucky common law of unjust enrichment. Plaintiff brings his FLSA claims as a collective action on behalf of himself and all other similarly situated employees who file their written consent to join this action pursuant to 29 U.S.C. § 216(b). Plaintiff brings his KWHA and Kentucky unjust enrichment claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

3.     Plaintiff and those similarly situated are current and former employees of Defendants at one or more of their seven steakhouses who were paid a tipped hourly wage less than the statutory $7.25 per hour minimum wage and $10.88 per hour minimum overtime wage for hours worked over 40 in a workweek and for whom Defendants relied on the "tip credit" provisions of the FLSA and applicable state laws to satisfy their statutory minimum wage obligations (hereafter, "Tip Credit Employees"). These Tip Credit Employees include, for example, servers and bartenders.

4.     Defendants violated the FLSA and KWHA because they: (1) failed to satisfy the notice prerequisite for taking the "tip credit"; (2) required Tip Credit Employees to share tips with back-of-house employees who earn have no or only *de minimis* interaction with customers while taking a tip credit; (3) required Tipped Employees to spend substantial amounts of time performing non-tip-producing  and directly supporting work tasks before and after serving

---

[1]     https:///www.jeffruby.com/about (printed Feb. 9, 2024).

customers and throughout their shift while being paid less than the statutory minimum wage.

5.    Until and through June 30, 2022, Defendants also violated the KWHA because they unlawfully required Tip Credit Employees to remit their tips to a tip pool for distribution among other employees, in violation of KRS 337.065, which (prior to July 1, 2022) prohibited an employer from "require[ing] an employee to participate in a tip pool whereby the employee is required to remit to the pool any gratuity, or any portion thereof, for distribution among employees of the employer."[2]

6.    Because the requirements for taking the tip credit were not satisfied, Defendants were not permitted to rely on it to satisfy their minimum wage and overtime obligations under the FLSA and KWHA, and were required to pay the entire statutory minimum wage and overtime wage.

7.    Under the FLSA and KWHA, Defendants may not retain tips other than to contribute them pursuant to a lawful tip pool of employees who customarily and regularly receive tips. By retaining these tips to pay back-of-house employees, Defendants retained tips earned by Plaintiff and other Tip Credit Employees and is required to return the tips to the employees who earned them and pay liquidated damages.

8.    In the alternative to the KWHA claims that unlawfully retained tips must be returned to the Tipped Employees who earned them, Plaintiff alleges that Defendants have been unjustly enriched at the expense of Plaintiff and other Tipped Employees by retaining these tips and using them to subsidize the labor costs for back-of-house employees. Plaintiff and other Tipped Employees conferred this benefit, Defendants appreciated the benefit, and it would be inequitable for Defendants to retain the benefit without payment for its value. Accordingly,

_____

[2]    The Kentucky Legislature amended KRS 337.065 to permit mandatory tip pooling effective July 1, 2022.

Defendants must repay the value of the tips unlawfully retained.

## II. JURISDICTION AND VENUE

9.     This Court has jurisdiction over Plaintiff's claims because they are brought pursuant to the FLSA, 29 U.S.C. § 216(b), and because they raise a federal question pursuant to 28 U.S.C. § 1331.

10.     This Court has jurisdiction over Plaintiff's supplemental state law claims pursuant to 28 U.S.C. § 1367.

11.     Venue for this action properly lies in the Southern District of Ohio, pursuant to 28 U.S.C. § 1391, because Defendants reside in this judicial district and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## III. PARTIES

A.     **Plaintiff**

12.     Plaintiff Lamb is a resident of Stanford, Lincoln County, Kentucky.

13.     Defendants employed Plaintiff Lamb as a server at their Jeff Ruby's Steakhouse restaurant located in Lexington, Kentucky from approximately February 2019 through approximately March 2023.

14.     Throughout his employment, Defendants paid Plaintiff Lamb hourly wages less than the statutory $7.25 per hour minimum wage and the $10.88 per hour minimum overtime wage and relied on customer tips to satisfy their minimum wage obligations to Plaintiff Lamb, pursuant to the tip-credit provisions of the FLSA and KWHA.

B.     **Defendants**

15.     Defendant Jeff Ruby ("Defendant Ruby") resides in this judicial district.

16.     Defendant Ruby founded, owns, and operates Jeff Ruby Culinary Entertainment

and all entities that comprise it, including all of the entities named as Defendants in this case.

17.     Defendant Ruby has the authority to incorporate, organize, or otherwise form the entities that comprise Jeff Ruby Culinary Entertainment and exercises this authority.

18.     Defendant Ruby has the authority to alter, amend, or otherwise change the entities that comprise Jeff Ruby Culinary Entertainment and exercises this authority.

19.     Defendant Ruby has the authority to dissolve or otherwise dispose of the entities that comprise Jeff Ruby Culinary Entertainment and exercises this authority.

20.     Defendant Ruby has the authority to legally bind the entities that comprise Jeff Ruby Culinary Entertainment, including executing legal documents on their behalf, and exercises this authority.

21.     Defendant Ruby exercises management and control over all entities that comprise Jeff Ruby Culinary Entertainment, both directly (in the capacity of an officer, executive, director, manager, member, partner, controlling shareholder, etc.) and indirectly through Defendant Jeff Ruby Culinary Entertainment, Inc. (in the capacity of an officer, executive, director, manager, member, partner, controlling shareholder, etc.).

22.     Defendant Ruby has the authority to make all business decisions regarding Jeff Ruby Culinary Entertainment and the entities that comprise it and exercises this authority.

23.     Defendant Ruby has the authority to set employment policies, hire and fire, discipline, and otherwise exercise management and supervisory functions over all persons employed at any of the seven steakhouses at issue, including Tip Credit Employees, members of management, and executive level employees and exercises this authority.

24.     In short, Defendant Ruby is at the center of what Jeff Ruby Culinary Entertainment's website describes as "an independent, family-owned and operated restaurant

group," which operates "seven luxury steakhouses across Ohio, Kentucky, and Tennessee." *See* Ex. A.

25.    Defendant Jeff Ruby has at all relevant times been an employer of the employees at the seven steakhouses at issue in this case within the meaning of the FLSA and KWHA.

26.    The seven steakhouses owned and operated by Jeff Ruby Culinary Entertainment are:

   a.  The Precinct by Jeff Ruby, located at 311 Delta Avenue, Cincinnati, Ohio 45226;

   b.  Carlo & Johnny by Jeff Ruby, located at 9769 Montgomery Road, Cincinnati, Ohio 45242;

   c.  Jeff Ruby's Steakhouse – Cincinnati, located at 505 Vine Street, Cincinnati, Ohio 45202;

   d.  Jeff Ruby's Steakhouse – Columbus, located at 89 East Nationwide Boulevard, Columbus, Ohio 43215;

   e.  Jeff Ruby's Steakhouse – Lexington, located at 101 West Vine Street, Lexington, Kentucky 40507;

   f.  Jeff Ruby's Steakhouse – Louisville, located at 325 West Main Street, Louisville, Kentucky 40202; and,

   g.  Jeff Ruby's Steakhouse – Nashville, located at 300 4th Avenue North, Nashville, Tennessee 37219.

27.    Defendant Jeff Ruby Culinary Entertainment, Inc. is an Ohio corporation with its principal office located within this judicial district at 700 Walnut Street, Suite 200, Cincinnati, Ohio 45202.

28.    Defendant Jeff Ruby Culinary Entertainment, Inc.'s registered agent is Taft Service Solutions Corp., who can be served at 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202.

29.    Defendant Jeff Ruby Culinary Entertainment, Inc. has at all relevant times been

an employer of the employees at the seven steakhouses at issue in this case within the meaning of the FLSA and KWHA.

30.     Defendant Jeff Ruby Culinary Entertainment, Inc.

31.     Defendant The Precinct, Inc. is an Ohio corporation with its principal office located within this judicial district at 700 Walnut Street, Suite 200, Cincinnati, Ohio 45202.

32.     Defendant The Precinct, Inc.'s registered agent is Taft Service Solutions Corp., who can be served at 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202.

33.     Defendant The Precinct, Inc. is the entity through which Defendants' business enterprise owns and operates its steakhouse, The Precinct by Jeff Ruby, located at 311 Delta Avenue, Cincinnati, Ohio 45226.

34.     Defendant The Precinct, Inc. has at all relevant times been an employer of the Tip Credit Employees at The Precinct by Jeff Ruby within the meaning of the FLSA.

35.     Defendant Carlo & Johnny's, Ltd. is an Ohio limited liability company with its principal office located within this judicial district at 700 Walnut Street, Suite 200, Cincinnati, Ohio 45202.

36.     Defendant Carlo & Johnny's, Ltd.'s registered agent is Taft Service Solutions Corp., who can be served at 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202.

37.     Defendant Carlo & Johnny's, Ltd. is the entity through which Defendants' business enterprise owns and operates its steakhouse, Carlo & Johnny by Jeff Ruby, located at 9769 Montgomery Road, Cincinnati, Ohio 45242.

38.     Defendant Carlo & Johnny's, Ltd. has at all relevant times been an employer of the Tip Credit Employees at Carlo & Johnny by Jeff Ruby within the meaning of the FLSA.

39.     Defendant Jeff Ruby Steakhouse, LLC is an Ohio limited liability company with

its principal office located within this judicial district at 700 Walnut Street, Suite 200, Cincinnati, Ohio 45202.

40.    Defendant Jeff Ruby Steakhouse, LLC's registered agent is Taft Service Solutions Corp., who can be served at 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202.

41.    Defendant Jeff Ruby Steakhouse, LLC is the entity through which Defendants' business enterprise owns and operates its steakhouse, Jeff Ruby's Steakhouse – Cincinnati, located at 505 Vine Street, Cincinnati, Ohio 45202.

42.    Defendant Jeff Ruby Steakhouse, LLC has at all relevant times been an employer of the Tip Credit Employees at Jeff Ruby's Steakhouse – Cincinnati within the meaning of the FLSA.

43.    Defendant Jeff Ruby's Columbus, LLC is an Ohio limited liability company with its principal office located within this judicial district at 700 Walnut Street, Suite 200, Cincinnati, Ohio 45202.

44.    Defendant Jeff Ruby's Columbus, LLC's registered agent is Taft Service Solutions Corp., who can be served at 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202.

45.    Defendant Jeff Ruby's Columbus, LLC is an entity through which Defendants' business enterprise owns and operates its steakhouse, Jeff Ruby's Steakhouse – Columbus, located at 89 East Nationwide Boulevard, Columbus, Ohio 43215.

46.    Defendant Jeff Ruby's Columbus, LLC has at all relevant times been an employer of the Tip Credit Employees at Jeff Ruby's Steakhouse – Columbus within the meaning of the FLSA.

47.    Defendant Jeff Ruby's Columbus Holdings, LLC is an Ohio limited liability company with its principal office located within this judicial district at 700 Walnut Street, Suite

200, Cincinnati, Ohio 45202.

48.    Defendant Jeff Ruby's Columbus Holdings, LLC's registered agent is Taft Service Solutions Corp., who can be served at 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202.

49.    Defendant Jeff Ruby's Columbus Holdings, LLC is an entity through which Defendants' business enterprise owns and operates its steakhouse, Jeff Ruby's Steakhouse – Columbus, located at 89 East Nationwide Boulevard, Columbus, Ohio 43215.

50.    Defendant Jeff Ruby's Columbus Holdings, LLC has at all relevant times been an employer of the Tip Credit Employees at Jeff Ruby's Steakhouse – Columbus within the meaning of the FLSA.

51.    Defendant Jeff Ruby's Steakhouse Lexington, LLC is Kentucky limited liability company with its principal office located within this judicial district at 700 Walnut Street, Suite 200, Cincinnati, Ohio 45202.

52.    Defendant Jeff Ruby's Steakhouse Lexington, LLC's registered agent is Taft Service Solutions Corp., who can be served at 50 East Rivercenter Boulevard, Suite 850, Covington, Kentucky 41011.

53.    Defendant Jeff Ruby's Steakhouse Lexington, LLC is the entity through which Defendants' business enterprise owns and operates its steakhouse, Jeff Ruby's Steakhouse – Lexington, located at 101 West Vine Street, Lexington, Kentucky 40507.

54.    Defendant Jeff Ruby's Steakhouse Lexington, LLC has at all relevant times been an employer of the Tip Credit Employees at Jeff Ruby's Steakhouse – Lexington within the meaning of the FLSA and KWHA.

55.    Defendant Jeff Ruby's Louisville, LLC is Kentucky limited liability company

with its principal office located within this judicial district at 700 Walnut Street, Suite 200, Cincinnati, Ohio 45202.

56.     Defendant Jeff Ruby's Louisville, LLC's registered agent is Taft Service Solutions Corp., who can be served at 50 East Rivercenter Boulevard, Suite 850, Covington, Kentucky 41011.

57.     Defendant Jeff Ruby's Louisville, LLC is the entity through which Defendants' business enterprise owns and operates its steakhouse, Jeff Ruby's Steakhouse – Louisville, located at 325 West Main Street, Louisville, Kentucky 40202.

58.     Defendant Jeff Ruby Louisville, LLC has at all relevant times been an employer of the Tip Credit Employees at Jeff Ruby's Steakhouse – Louisville within the meaning of the FLSA and KWHA.

59.     Defendant Jeff Ruby's Nashville, LLC is an Ohio limited liability company with its principal office located within this judicial district at 700 Walnut Street, Suite 200, Cincinnati, Ohio 45202.

60.     Defendant Jeff Ruby's Nashville, LLC's registered agent is Taft Service Solutions Corp., who can be served at 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202.

61.     Defendant Jeff Ruby's Nashville, LLC is the entity through which Defendants' business enterprise owns and operates its steakhouse, Jeff Ruby's Steakhouse – Nashville, located at 300 4th Avenue North, Nashville, Tennessee 37219.

62.     Defendant Jeff Ruby's Nashville, LLC has at all relevant times been an employer of the Tip Credit Employees at Jeff Ruby's Steakhouse – Nashville within the meaning of the FLSA.

63.     Together, Defendants comprise the enterprise Jeff Ruby Culinary Entertainment.

64.     Defendants have a common corporate headquarters, which are publicly identified as the corporate headquarters of Jeff Ruby Culinary Entertainment, located at 700 Walnut Street, Suite 200, Cincinnati, Ohio 45202. *See* Ex. A.

65.     Defendants share the same Jeff Ruby Culinary Entertainment corporate executive team, management, and ownership. *See* Ex. A.

66.     Defendants hold themselves out as, act as, and in fact comprise a single enterprise that has more than 800 employees. *See* Ex. A.

67.     Defendants centrally control employment policies and practices for all of their seven steakhouses.

68.     Defendants' corporate-level management, including Defendant Ruby, conduct all-restaurant meetings and travel to each restaurant regularly to oversee business operations, address employment issues, and specifically implement pay and other employment practices and policies.

69.     Defendants share a common purpose of operating luxury steakhouse restaurants.

70.     Defendants transfer employees between restaurants, including both management-level employees and Tip Credit Employees (as defined above).

71.     Defendants' enterprise acts through each of the Defendants.

72.     Furthermore, each of the Defendants acts directly in the interest of itself and of the other entities comprising the enterprise as an employer in relation to the employees at each of the seven steakhouses.

73.     Thus, each Defendant is a "person" (within the meaning of the FLSA and the KWHA) "acting directly or indirectly in the interest of an employer in relation to an employee." *See* 29 U.S.C. §§ 203(a), (d); KRS 337.010(1)(d).

74.     As a result, Defendants, both individually and collectively, employ the employees of each of the seven steakhouses within the meaning of the FLSA and KWHA.

## IV.  FACTS

75.     Plaintiff and those similarly situated are current and former Tip Credit Employees (as defined above) of Defendants at one or more of the seven Jeff Ruby's restaurants in Cincinnati, Ohio (three restaurants); Columbus, Ohio (one restaurant); Lexington, Kentucky (one restaurant); Louisville, Kentucky (one restaurant); and Nashville, Tennessee (one restaurant).

76.     At all relevant times, Defendants paid Plaintiff and other Tip Credit Employees an hourly wage below the applicable federal and state minimum wage rates.

77.     Defendants purported to utilize the tip credit to comply with their minimum wage obligations to Plaintiff and other Tip Credit Employees under the FLSA and applicable state laws.

78.     Prior to relying on the tip credit, employers are required to inform employees of certain information.

79.     Defendants did not inform Plaintiff and other Tip Credit Employees of the required information prior to relying on the tip credit.

80.     Defendants took a portion of the tips earned by Plaintiff and other Tip Credit Employees for the purpose of sharing those tips with back-of-house employees who did not earn the tips and who did not interact with customers or had only *de minimis* interactions with customers, such as service bartenders (who, like cooks, worked entirely in the back of the house).

81.     Defendants then shared the tips they took from Defendants with those back-of-house employees.

12

82.     This benefitted Defendants by subsidizing the costs of employing the back-of-house employees who received these tips.

83.     Defendants required Plaintiff and other Tip Credit Employees to spend substantial amounts of time performing non-tip-producing and directly supporting work while being paid an hourly wage below the applicable federal and state minimum wage rates, including:

a.    At the beginning of their scheduled shifts, prior to serving customers (*e.g.*, non-tip-producing and directly supporting work, such as, polishing glassware and silverware, rolling silverware, cleaning booths and baseboards, sweeping, mopping, stocking server stations, bringing in trash cans, slicing bread, slicing butter, polishing and preparing place settings, loading glasses into racks, attending a pre-shift meeting, folding linens (for tables, breads, and wine presentation), etc.);

b.    At the end of their scheduled shifts, after serving customers (*e.g.*, non-tip-producing and directly supporting work, such as, taking out trash, polishing glassware and silverware, cleaning booths and baseboards, sweeping, mopping, vacuuming, rolling silverware, folding linens (for tables, breads, and wine presentation), completing tip-out tasks, etc.); and,

c.    Throughout their scheduled shifts, during time periods when some customers were present in the restaurants (*e.g.*, non-tip-producing and directly supporting work, such as, polishing glassware and silverware, rolling silverware, cleaning booths and baseboards, sweeping, mopping, stocking server stations, bringing in trash cans, slicing bread, slicing butter, polishing and preparing place settings, loading glasses into racks, folding linens (for tables, breads, and wine presentation), etc.).

84.     This non-tip-producing and directly supporting work Plaintiff and other Tip Credit Employees performed exceeded 30 continuous minutes while paid at the lower tipped hourly rate prior to serving customers.

85.     For example, Plaintiff typically arrived approximately two hours prior to the restaurant opening to serve customers in order to perform non-tip-producing and directly supporting work tasks (including the tasks listed above above) while being paid at a tipped hourly rate of less than $7.25.

13

86. The non-tip-producing and directly supporting work Plaintiff and other Tip Credit Employees performed exceeded 30 continuous minutes while paid at the lower tipped hourly rate after serving customers.

87. For example, Plaintiff typically continued working for approximately one to one-and-a-half hours after he had finished serving his last customers in order to perform non-tip-producing and directly supporting work tasks (including the tasks listed above above) while being paid at a tipped hourly rate of less than $7.25.

88. This non-tip-producing and directly supporting work throughout each also exceeded 20% of each shift while paid at the lower tipped hourly rate. As a result, this non-tip-producing and directly supporting work exceeded 20% of each workweek.

89. For example, Plaintiff typically spent approximately 30 minutes of each hour while customers were present in the restaurant performing non-tip-producing and directly supporting work tasks (including the tasks listed above above) while being paid at a tipped hourly rate of less than $7.25.

90. Defendants had a policy and practice of requiring Plaintiff and other Tip Credit Employees to remit a portion of the tips they received from customers to a tip pool that is distributed to other employees.

91. Remitting tips to other employees, including management, is not voluntary; rather, it is a condition of employment and, therefore, mandatory.

92. Defendants knew or should have known that their compensation practices and policies for Plaintiff and other Tip Credit Employees violated the FLSA and applicable state laws.

93. Defendants Jeff Ruby, Jeff Ruby Culinary Entertainment, Inc., Carlo & Johnny's,

Ltd., and Jeff Ruby Steakhouse, LLC, have been named as Defendants in an FLSA collective action for violations related to the tip-credit provisions previously and have therefore been put on notice of those requirements. *See Lapinski v. Jeff Ruby Culinary Entertainment, Inc., et al.*, No. 1:13-cv-00595-SJD (S.D. Ohio 2013).

94.     Defendants' corporate and restaurant management specifically told employees that the sharing of tips with back-of-house employees (*e.g.*, service bartenders) took place in cash because those employees were not allowed to receive tips.

## V.  COLLECTIVE ACTION ALLEGATIONS

95.     Plaintiff Lamb asserts his FLSA claims as a collective action on behalf of the following employees who file their written consent pursuant to 29 U.S.C. § 216(b):

> All current and former Tip Credit Employees (as defined herein) at any of Defendants seven Jeff Ruby's restaurants at any time since February 27, 2021.

96.     Plaintiff's FLSA claims should proceed as a collective action because Plaintiff and these similarly situated individuals, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## VI.  CLASS ALLEGATIONS

97.     Plaintiff Lamb brings his Kentucky state law claims on his own behalf and, pursuant to Fed. R. Civ. P. 23, on behalf of the following class of individuals:

> All current and former Tip Credit Employees (as defined herein) at Defendants Lexington, Kentucky and Louisville, Kentucky Jeff Ruby's restaurants at any time since February 27, 2019.[3]

(the "Kentucky Class").

---

[3]     The statute of limitations for claims under the KWHA and for unjust enrichment is five years. KRS 413.120.

98.     Plaintiff Lamb asserts his claim for minimum wages under the KWHA due to Defendants' mandatory tip pool on his own behalf and, pursuant to Fed. R. Civ. P. 23, on behalf of the following subclass of the Kentucky Class:

> All current and former Tip Credit Employees (as defined herein) at Defendants Lexington, Kentucky and Louisville, Kentucky Jeff Ruby's restaurants at any time from February 27, 2019 until on or before June 30, 2022.

(the "Mandatory Tip Pool Subclass").

99.     Plaintiff Lamb is a member of the Kentucky Class and the Mandatory Tip Pool Subclass he seeks to represent.

100.     Defendants have employed hundreds of Tip Credit Employees at their Lexington and Louisville Jeff Ruby's restaurants. Thus, the Kentucky Class and the Mandatory Tip Pool Subclass are sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

101.     Plaintiff Lamb and the members of the Kentucky Class (including the Mandatory Tip Pool Subclass) share the same pivotal questions of law and fact, satisfying Fed. R. Civ. P. 23(a)(2). For example, Plaintiff and the members of the Kentucky Class he seeks to represent are subject to the same compensation and tip policies. As a result, the Kentucky Class shares several factual and legal questions, including, for example: (1) whether Defendants informed their Tip Credit Employees of the required information prior to taking the tip credit; (2) whether Defendants required Tip Credit Employees to spend excessive amounts of time performing non-tip-producing and directly supporting work tasks at the lower tipped hourly rate; and (3) whether Defendants required their Tip Credit Employees to remit their earned tips to a tip pool which was distributed among other employees.

102.     Plaintiff Lamb's claims are typical of the claims of the Kentucky Class (including

the Mandatory Tip Pool Subclass), satisfying Fed. R. Civ. P. 23(a)(3). Defendants' violation of the minimum wage, overtime wage, and other requirements of the KWHA is not the result of any Plaintiff-specific circumstances. Rather, it arises from their common pay policies and practices, which they applied generally to all Tip Credit Employees, including Plaintiff Lamb. Thus, in advancing his own claims, Plaintiff Lamb will also be advancing the claims of the Kentucky Class (including the Mandatory Tip Pool Subclass).

103.    Plaintiff Lamb will fairly and adequately represent and protect the interests of the Kentucky Class (including the Mandatory Tip Pool Subclass), satisfying Fed. R. Civ. P. 23(a)(4). Plaintiff Lamb's interests are shared with the Kentucky Class (including the Mandatory Tip Pool Subclass) and Plaintiff Lamb has no interests that conflict with those of the Kentucky Class (including the Mandatory Tip Pool Subclass). Furthermore, Plaintiff Lamb has retained competent counsel experienced in representing classes of employees against their employers related to their employer's failure to pay them properly under the law.

104.    By failing to pay Tip Credit Employees all required minimum and overtime wages pursuant to their common pay practices and policies, Defendants have created a scenario where questions of law and fact common to the Kentucky Class (including the Mandatory Tip Pool Subclass) predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for the fair and efficient adjudication of this matter. Plaintiff Lamb is entitled to pursue his claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

## VII.  CAUSES OF ACTION

### COUNT I:
### VIOLATION OF THE MINIMUM WAGE AND
### OVERTIME REQUIREMENTS OF THE FLSA

105.    All previous paragraphs are incorporated as though fully set forth herein.

106.    Plaintiff asserts this claim on behalf of himself and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

107.    Plaintiff and all similarly situated individuals are employees entitled to the FLSA's protections.

108.    Defendants are employers covered by the FLSA.

109.    The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C § 206(a).

110.    The FLSA entitles employees to an overtime rate "not less than one and one-half times" their regular rate of pay for hours worked over 40 hours in a workweek. 29 U.S.C § 207.

111.    The minimum overtime hourly wage is $10.88 per hour (*i.e.*, one and one-half times $7.25 per hour). 29 U.S.C §§ 206(a), 207.

112.    While employers may utilize a tip credit to satisfy their minimum wage and overtime obligations to tipped employees, like Plaintiff and other Tip Credit Employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m), (t).

113.    Defendants failed to satisfy the requirements necessary to rely on the tip credit to satisfy their minimum wage and overtime obligations (as set forth above) by: (1) failing to inform Plaintiff and other Tip Credit Employees of the information required by the statute; and (2) requiring Plaintiff and other Tip Credit Employees to spend substantial amounts of time performing non-tip-producing and directly supporting work while being paid an hourly wage

18

below $7.25 per hour (and below $10.88 per hour for hours over 40 in a workweek).

114.    As a result, Defendants forfeited their right to utilize the tip credit in satisfying their minimum wage and overtime obligations.

115.    As such, Defendants have violated the FLSA by failing to pay Plaintiff and all similarly situated individuals for all time worked at $7.25 per hour (and $10.88 per hour for hours over 40 in a workweek).

116.    Plaintiff and all similarly situated individuals are entitled to recover all unpaid minimum and overtime wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

117.    In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**COUNT II:**
**VIOLATION OF THE MINIMUM WAGE AND**
**OVERTIME REQUIREMENTS OF THE KWHA**

118.    All previous paragraphs are incorporated as though fully set forth herein.

119.    Plaintiff Lamb asserts this claim on behalf of himself and members of the Kentucky Class (including the Mandatory Tip Pool Subclass), pursuant to Fed. R. Civ. P. 23.

120.    Plaintiff Lamb and the Kentucky Class (including the Mandatory Tip Pool Subclass) are employees entitled to the KWHA's protections.

121.    Defendants are employers covered by the KWHA.

122.    The KWHA entitles employees to a minimum hourly wage of $7.25 for every hour worked. KRS 337.275.

123.    The KWHA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. KRS 337.285.

19

124.    The minimum overtime hourly wage is $10.88 per hour (*i.e.*, one and one-half times $7.25 per hour). KRS 337.275, 337.285.

125.    While restaurants may utilize a tip credit to satisfy their minimum wage and overtime obligations to tipped employees, like Plaintiff and other Tip Credit Employees, they forfeit the right to do so when certain requirements are not met. *See* KRS 337.010(2)(d), 337.275(2); 803 KAR 1:080 § 3.

126.    Defendants failed to satisfy the requirements necessary to rely on the tip credit to satisfy their minimum wage and overtime obligations (as set forth above) by: (1) failing to inform Plaintiff and the Kentucky Class of the information required by the statute; (2) requiring Plaintiff and the Kentucky Class to remit tips to back-of-house employees who have no or only *de minimis* interaction with customers; and (3) requiring Plaintiff and the Kentucky Class to spend substantial amounts of time performing non-tip-producing and directly supporting work (*i.e.*, work while not in an occupation in which they qualify as tipped employees) while being paid an hourly wage below $7.25 per hour (and below $10.88 per hour for hours over 40 in a workweek).

127.    Furthermore, until and through June 30, 2022, the KWHA prohibits employers from requiring employees to participate in a tip pool in which they must remit all or a portion their tips for distribution among other employees (*i.e.*, mandatory tip pools). KRS 337.065.

128.    Until and through June 30, 2022, employers forfeited the tip credit when they require their tipped employees—such as Plaintiff and the Tip Credit Employees—to share tips with the employer or any other restaurant employees. *See* KRS 337.275(2); 803 KAR 1:080 § 3.

129.    By requiring Plaintiff Lamb and the Mandatory Tip Pool Subclass of the Kentucky Class to share tips with other employees Defendants have forfeited their right to utilize

the tip credit in satisfying its minimum wage and overtime obligations to Plaintiff and the Mandatory Tip Pool Subclass of the Kentucky Class.

130.　As such, Defendants have violated the KWHA's minimum wage mandate by paying Plaintiff Lamb and the Kentucky Class (including the Mandatory Tip Pool Subclass) an hourly wage below $7.25 for regular hours worked.

131.　Plaintiff Lamb and members of the Kentucky Class are entitled to recover all unpaid minimum and overtime wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to KRS 337.385.

132.　In violating the KWHA, Defendants have acted willfully and with reckless disregard of clearly applicable KWHA provisions.

**COUNT III:**
**UNLAWFUL RETENTION OF TIPS UNDER THE FLSA**

133.　All previous paragraphs are incorporated as though fully set forth herein.

134.　Plaintiff asserts this claim on behalf of himself and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

135.　Plaintiff and all similarly situated individuals are employees entitled to the FLSA's protections.

136.　Defendants are employers covered by the FLSA.

137.　Under the FLSA, "an employer may not keep tips received by its employees for any purposes." 29 U.S.C. §§ 203(m)(2)(B). This is true "regardless of whether or not the employer takes a tip credit." *Id.*

138.　U.S. Department of Labor regulations concerning tip-sharing arrangements (or "tip pooling") provide that an "employer may require an employee for whom the employer takes a tip credit to contribute tips to a tip pool only if it is limited to employees who customarily and

21

regularly receive tips" and that the "employer may not retain any of the employees' tips for any other purpose." *See* 29 C.F.R. § 531.54(c).

139.    Defendants unlawfully retained a portion of the tips earned by Plaintiff and all those similarly situated and shared those tips with back-of-house employees who do not customarily and regularly receive tips and who have no or insufficient customer interaction.

140.    Put differently, Defendants took these tips and used them to pay their back-of-house employees money in addition to their hourly wage.

141.    In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**COUNT IV:**
**UNLAWFUL RETENTION OF TIPS UNDER THE KWHA**

142.    All previous paragraphs are incorporated as though fully set forth herein.

143.    Plaintiff Lamb asserts this claim on behalf of himself and members of the Kentucky Class (including the Mandatory Tip Pool Subclass), pursuant to Fed. R. Civ. P. 23.

144.    Plaintiff Lamb and the Kentucky Class (including the Mandatory Tip Pool Subclass) are employees entitled to the KWHA's protections.

145.    Defendants are employers covered by the KWHA.

146.    Under the KWHA, an employer is not permitted to retain tips for any purpose except for the purpose of withholding amounts required by federal or state law or for purposes of safekeeping as part of a lawful tip pool. KRS 337.065.

147.    Until and through June 30, 2022, when the amendments to KRS 337.065 went into effect, an employer was not permitted under the KWHA to require the sharing of any tips and to retain those tips for any purpose.

148.    Defendants unlawfully retained a portion of the tips earned by Plaintiff and

members of the Kentucky Class (including the Mandatory Tip Pool Subclass) and shared those tips with back-of-house employees who do not customarily and regularly receive tips and who have no or insufficient customer interaction.

149. Put differently, Defendants took these tips and used them to pay their back-of-house employees money in addition to their hourly wage.

150. As a result, Plaintiff and members of the Kentucky Class (including the Mandatory Tip Pool Subclass) are entitled to recover the tips Defendants unlawfully withheld. KRS 337.385(1).

151. In violating the KWHA, Defendants acted willfully and with reckless disregard of clearly applicable KWHA provisions.

**COUNT V:**
**UNJUST ENRICHMENT UNDER KENTUCKY LAW**
**(in the alternative to Count IV)**

152. All previous paragraphs are incorporated as though fully set forth herein.

153. Plaintiff Lamb asserts this claim on behalf of himself and members of the Kentucky Class (including the Mandatory Tip Pool Subclass), pursuant to Fed. R. Civ. P. 23, in the alternative to Count IV.

154. A defendant has been unjustly enriched where: (1) a benefit has been conferred upon the defendant at the plaintiff's expense; (2) defendant has appreciated that benefit; and (3) defendant has inequitably retained that benefit without payment for its value. *E.g.*, *Superior Steel, Inc. v. Ascent at Roebling's Bridge, LLC*, 540 S.W.3d 770, 778 (Ky. 2017).

155. Plaintiff and members of the Kentucky Class (including the Mandatory Tip Pool Subclass) conferred a benefit on Defendants because Defendants unlawfully retained a portion of the tips earned by Plaintiff and members of the Kentucky Class (including the Mandatory Tip

23

Pool Subclass) for the purposes of subsidizing the costs of employing back-of-house employees who do not customarily and regularly receive tips, have no or insufficient customer interaction by sharing those tips with them earn more than the statutory minimum wage, and did not earn the tips.

156. Defendants appreciated that benefit because they subsidized the costs of employing those back-of-house employees by sharing the tips earned by Plaintiff and members of the Kentucky Class (including the Mandatory Tip Pool Subclass) with those back-of-house employees even though they do not customarily and regularly receive tips, have no or insufficient customer interaction, earn more than the statutory minimum wage, and did not earn the tips.

157. Defendants have inequitably retained this benefit without payment for its value because they have directly used monies earned by Plaintiff and members of the Kentucky Class (including the Mandatory Tip Pool Subclass) to pay their other employees, from whose labor they benefit.

158. Accordingly, Defendants have been unjustly enriched and must pay Plaintiff and members of the Kentucky Class (including the Mandatory Tip Pool Subclass) the value of these unlawfully taken tips and all other amounts by which Defendants were unjustly enriched as restitution.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of themselves and all others similarly situated:

A. An order authorizing prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to potentially similarly situated individuals, tolling the running of the statute of

limitations for potentially similarly situated individuals until a ruling on notice, and permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.    An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 and ordering prompt notice of this litigation, pursuant to Fed. R. Civ. P. 23, to the Kentucky Class (including the Mandatory Tip Pool Subclass);

C.    A finding that Defendants have violated the FLSA and the KWHA;

D.    A finding that Defendants' violations of the FLSA and the KWHA are willful and not in good faith;

E.    A finding that Defendants were unjustly enriched.

F.    A judgment against Defendants and in favor of Plaintiff and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b), for all unpaid and underpaid wages and unlawfully retained tips that Defendants have failed and refused to pay in violation of the FLSA;

G.    A judgment against Defendants and in favor of Plaintiff and the Kentucky Class (including the Mandatory Tip Pool Subclass) for all unpaid and underpaid wages and unlawfully retained tips that Defendants have failed and refused to pay in violation of the KWHA;

H.    A judgment against Defendants and in favor of Plaintiff and the Kentucky Class (including the Mandatory Tip Pool Subclass) for all unlawfully retained tips and all other amounts by which Defendants were unjustly enriched as restitution;

I.    Prejudgment and post-judgment interest to the fullest extent permitted under the law;

J.    Liquidated damages and monetary penalties to the fullest extent permitted under the FLSA and the KWHA;

K.     Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA, the KWHA, and the Federal Rules of Civil Procedure; and,

L.     Such other and further relief as this Court deems just and proper in equity and under the law.

## IX.  JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: February 27, 2024                    Respectfully submitted,

*/s/ Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
**BARKAN MEIZLISH DEROSE COX, LLP**
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
bderose@barkanmeizlish.com

David W. Garrison (TN Bar No. 24968) *
Joshua A. Frank (TN Bar No. 33294) *
Nicole A. Chanin (TN Bar No. 40239) *
**BARRETT JOHNSTON MARTIN & GARRISON, PLLC**
200 31st Avenue North
Nashville, TN 37203
Telephone: (615) 244-2202
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com
nchanin@barrettjohnston.com

* *Pro Hac Vice* Motion Forthcoming

*Attorneys for Plaintiffs*