# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JOHNATHAN LAMB, On Behalf of Himself and All Others Similarly Situated, ) ) ) | |
| *Plaintiffs*, ) ) | |
| v. ) ) | CLASS AND COLLECTIVE ACTION |
| JEFF RUBY, JEFF RUBY CULINARY ENTERTAINMENT, INC., THE PRECINCT, INC., CARLO & JOHNNY'S, LTD., JEFF RUBY STEAKHOUSE, LLC, JEFF RUBY'S COLUMBUS, LLC, JEFF RUBY'S COLUMBUS HOLDINGS, LLC, JEFF RUBY'S STEAKHOUSE LEXINGTON, LLC, JEFF RUBY'S LOUISVILLE, LLC, and JEFF RUBY'S NASHVILLE, LLC, d/b/a JEFF RUBY CULINARY ENTERTAINMENT, ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 1:24-cv-00097-DRC<br><br>JUDGE DOUGLAS R. COLE<br><br>MAGISTRATE JUDGE KAREN L. LITKOVITZ<br><br>JURY DEMAND |
| *Defendants*. ) | |

## STIPULATIONS CONCERNING FLSA COVERAGE AND EMPLOYMENT OF PLAINTIFFS

Plaintiff Johnathan Lamb and the Opt-in Plaintiffs (collectively, "Plaintiffs") and Defendants Jeff Ruby, Jeff Ruby Culinary Entertainment, Inc., The Precinct, Inc., Carlo & Johnny's, Ltd., Jeff Ruby Steakhouse, LLC, Jeff Ruby's Columbus, LLC, Jeff Ruby's Columbus Holdings, LLC, Jeff Ruby's Steakhouse Lexington, LLC, Jeff Ruby's Louisville, LLC, and Jeff Ruby's Nashville, LLC d/b/a Jeff Ruby Culinary Entertainment (collectively, "Defendants") (together with Plaintiffs, the "Parties"), through counsel, hereby inform the Court of their Stipulation resolving disputed issues in this matter. For purposes of this Stipulation, the following Defendants shall be referred to as the "Defendant Employer Entities": Jeff Ruby Culinary Entertainment, Inc., The Precinct, Inc., Carlo & Johnny's, Ltd., Jeff Ruby Steakhouse, LLC, Jeff

Ruby's Columbus, LLC, Jeff Ruby's Steakhouse Lexington, LLC, Jeff Ruby's Louisville, LLC, and Jeff Ruby's Nashville, LLC.[1] The Parties agree and stipulate that:

1. The Defendant Employer Entities and Plaintiffs are covered by the Fair Labor Standards Act of 1938 ("FLSA").

2. The Defendant Employer Entities will not deny that they are all covered by the FLSA or defend this action by arguing that they are not covered by the FLSA.

3. Plaintiffs will not seek further discovery from the Defendant Employer Entities on issues related solely to FLSA coverage and will not seek further discovery from the Defendant Employer Entities regarding to how the Defendant Employer Entities operate or how they are otherwise related prior to Plaintiffs' forthcoming motion for FLSA notice to potential Opt-In Plaintiffs.

4. All Defendant Employer Entities form a single employer that employed all Plaintiffs and potential Opt-In Plaintiffs for the purposes of the FLSA claims at issue in this litigation.

5. The Defendant Employer Entities will not deny that they form a single employer under the FLSA or defend this action by arguing that they are not a single employer of all Plaintiffs and potential Opt-In Plaintiffs.

6. Plaintiffs will not seek further discovery from the Defendant Employer Entities on issues related solely to whether the Defendant Employer Entities form a single employer under the FLSA.

---

[1] The Defendant Employer Entities include all Defendants except for Defendant Jeff Ruby and Defendant Jeff Ruby's Columbus Holdings, LLC.

7.     As a result of reaching these Stipulations, Plaintiffs will dismiss Jeff Ruby as a Defendant in this action; provided, however, that Plaintiffs have the right to seek leave of this Court to add Mr. Ruby as a Defendant at a later date based on discovery that supports his inclusion as a Defendant in this action.

8.     As a result of reaching these Stipulations, Plaintiffs will dismiss Jeff Ruby's Columbus Holdings, LLC as a Defendant in this action; provided, however, that Plaintiffs have the right to seek leave of this Court to add Jeff Ruby's Columbus Holdings, LLC as a Defendant at a later date based on discovery that supports its inclusion as a Defendant in this action.

9.     Nothing in this Stipulation precludes Defendants from making any arguments that putative class members were not similarly situated to one another or from generally arguing against Notice to a putative class.

Date: August 20, 2024        Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (TN Bar No. 24968)***
**JOSHUA A. FRANK (TN Bar No. 33294)***
**NICOLE A. CHANIN (TN Bar No. 40239)***
BARRETT JOHNSTON MARTIN & GARRISON, PLLC
200 31st Avenue North
Nashville, TN 37203
Telephone: (615) 244-2202
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com
nchanin@barrettjohnston.com

**Robert E. DeRose (OH Bar No. 0055214)**
BARKAN MEIZLISH DEROSE COX, LLP
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
bderose@barkanmeizlish.com

*Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs*

3

/s/ Tessa L. Castner (with permission by DWG)
**NEAL SHAH (0082672)**
**TESSA L. CASTNER (0093808)**
FROST BROWN TODD LLP
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Phone: (513) 651-6800
Fax: (513) 651-6981
nshah@fbtlaw.com
tcastner@fbtlaw.com
*Attorneys for Defendant*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of this *Stipulations Concerning FLSA Coverage and Employment of Plaintiffs* was filed electronically with the Clerk's office by using the CM/ECF system on August 20, 2024, and served upon Defendants' Counsel as indicated below:

**Neal Shah (0082672)**
**Tessa L. Castner (0093808)**
FROST BROWN TODD LLP
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Phone: (513) 651-6800
Fax: (513) 651-6981
nshah@fbtlaw.com
tcastner@fbtlaw.com

*Attorneys for Defendant*

/s/ David W. Garrison
DAVID W. GARRISON
**BARRETT JOHNSTON**
**MARTIN & GARRISON, PLLC**